IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:11-cv-00326 |
| ) | |
| DANNY R. BRUCE and ) | |
| ERMA J. BRUCE, ) | |
| ) | |
| Defendants. ) | |

ORDER OF FORECLOSURE AND SALE

The Court hereby ORDERS that the United States' tax liens be foreclosed on the subject real property commonly known as Lot 2, Ogle Road, Gatlinburg, Tennessee ("the subject real property"), and more particularly described as

> Situate, lying and being in the Second Civil District of Sevier County, Tennessee, and being all of Lot 2 of Resubdivision for Danny Bruce, as shown on plat of record in Map Book 33, Page 271, in the Register's Office for Sevier County, Tennessee, to which map reference is here made for a more particular description.
>
> Subject to easements, restrictions, and setback lines of record, if any.
>
> Being part of the property conveyed to Todd A. Bales and wife, Susan Bales, by Warranty Deed from Danny R. Bruce, Sr. And wife, Erma Bruce, dated January 27, 2003, and of record in Book 1614, Page 389 in said Register's Office.

The Court further ORDERS that the subject real property be sold, pursuant to 28 U.S.C.

//

//

1

§§ 2001 and 2002, to satisfy the United States' tax liens, as follows:

    1.    The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the subject real property.

    2.    The terms and conditions of the sale are as follows:

        a.    The sale of the subject real property shall be free and clear of the interests of all parties in the suit.

        b.    The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the subject real property, and easements and restrictions of record, if any.

        c.    The sale shall be held either at the courthouse of the county or city in which the subject real property is located or on the subject real property's premises.

        d.    The PALS shall announce the date and time for sale.

        e.    Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Sevier County, Tennessee, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the subject real property and shall contain the terms and conditions of sale in this order of sale.

        f.    The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under

the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

      g.    At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of Tennessee, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

      h.    The successful bidder(s) shall pay the balance of the purchase price for the subject real property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Eastern District of Tennessee shall be given to PALS who will deposit the funds with the clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liens on Danny Bruce's property at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The subject real property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

3

    i.  The Clerk of the District Court is directed to accept the proceeds of the sale and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

    j.  The sale of the subject real property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying subject real property to the purchasers. On confirmation of the sale, all interests in, liens against, or claims to, the subject real property that are held or asserted by all parties to this action are discharged and extinguished.

    k.  When this Court confirms the sale, the Recording Official of Sevier County, Tennessee, shall cause transfer of the subject real property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

    l.  The sale of the subject real property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

  3.  Until the subject real property is sold, Danny Bruce shall take all reasonable steps necessary to preserve the subject real property (including all buildings, improvements, fixtures and appurtenances on the subject real property) in their current condition including, without limitation, maintaining a fire and casualty insurance policy on the subject real property. The defendants Danny and Erma Bruce shall neither commit waste against the subject real property nor cause or permit anyone else

4

Case 3:11-cv-00326-TWP-HBG   Document 14   Filed 03/22/12   Page 4 of 6   PageID #: 79

to do so.  The defendants Danny and Erma Bruce shall neither do anything that tends to reduce the value or marketability of the subject real property nor cause or permit anyone else to do so.  The defendants Danny and Erma Bruce shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the subject real property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the subject real property shall vacate it permanently within 30 days of the date of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the subject real property).  If any person fails or refuses to vacate the subject real property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected.  Any personal property remaining on the subject real property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.  Checks for the purchase of the personal property shall be made out to the Clerk of the District Court for the Eastern District of

Tennessee, and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

5. Pending the sale of the subject real property and until the deed to the subject real property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the subject real property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the subject real property.

6. The United States has valid and subsisting tax liens of $336,601.05 on the subject real property as of December 28, 2009.

7. After the Court confirms the sale, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified:

   a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the subject real property pending sale and confirmation by the Court.

   b. Second, to Sevier County or other local taxing authorities for any real property taxes and other local assessments due and owing;

   c. Third, to the United States to be applied to the Federal tax liens identified in paragraph 6, above.

   d. Fourth, any remaining proceeds to Danny Bruce.

Signed this 21st day of MARCH, 2012.

*Thomas H. Phillips*
United States District Judge